Gerardo ESQUIVEL–SOLIS,
Plaintiff–Appellant

v.

NEUCES COUNTY SHERIFF DETEN-
TION; Brooks Detention Center; Bee
County Correctional Center; Karnes
City Correctional Center; Herlong
Federal Institution; Oklahoma Dis-
tributor Center, Defendants–Appel-
lees.

No. 11–10454
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 2011.

Gerardo Esquivel–Solis, Big Spring, TX,
pro se.

Before GARZA, SOUTHWICK, and
HAYNES, Circuit Judges.

PER CURIAM: *

Gerardo Esquivel–Solis, federal prisoner
# 65064–179, requests authorization to
proceed in forma pauperis (IFP) on appeal
from the district court's judgment partially
dismissing his federal complaint with prej-
udice as frivolous under 28 U.S.C.
§ 1915(e). He asserted that he requested
medical care for his hernia at the various
facilities in which he was incarcerated but
was provided only pain medication instead
of surgery.

The district court concluded that, to the
extent that the complaint raised claims
under the Federal Tort Claims Act that
were not barred by the applicable statute
of limitations, those claims should be dis-
missed without prejudice. The district
court further determined that, to the ex-
tent that the complaint alleged that the
defendants were deliberately indifferent to
Esquivel–Solis's serious medical needs by
denying surgery to repair his hernia, those
claims should be dismissed with prejudice
as frivolous because Esquivel–Solis had
not alleged a cognizable constitutional
claim. The district court also ordered that
any claim by Esquivel–Solis against prison
officials in their individual capacities be
dismissed with prejudice as frivolous be-
cause such claims were barred by sover-
eign immunity. The district court denied
Esquivel–Solis's request for leave to pro-
ceed IFP on appeal, certifying that the
appeal was not taken in good faith.

We construe Esquivel–Solis's motion to
proceed IFP as a challenge to the district
court's certification that the appeal is not
taken in good faith. See Baugh v. Taylor,
117 F.3d 197, 202 (5th Cir.1997); 28 U.S.C.
§ 1915(a)(3); FED. R.APP. P. 24(a)(3). Our
inquiry into Esquivel–Solis's good faith "is
limited to whether the appeal involves le-
gal points arguable on their merits."
Howard v. King, 707 F.2d 215, 220 (5th
Cir.1983) (internal quotation marks and ci-
tation omitted).

Esquivel–Solis asserts that he will raise
a nonfrivolous issue on appeal with respect
to his claim of deliberate indifference.
However, he does not proffer any argu-
ment on this issue and specifically does not
identify a legal or factual basis upon which
the district court wrongly resolved the
merits of his claims. Pro se briefs are
afforded liberal construction. See Yohey v.
Collins, 985 F.2d 222, 225 (5th Cir.1993).
Nevertheless, when an appellant fails to

---

identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.1987).

Because Esquivel–Solis has failed to challenge any factual or legal aspect of the district court's disposition of the claims raised in his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal. *See id.* Thus, the appeal lacks arguable merit. *See Howard*, 707 F.2d at 220.

Accordingly, Esquivel–Solis's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n. 24. The district court's dismissal of Esquivel–Solis's complaint and our dismissal of this appeal both count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir.1996). Esquivel–Solis is CAUTIONED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.